# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| JEWETT W. TUCKER, JR. | ) | |
| (Chapter 7 Case Number <u>08-40990</u>) | ) | Number <u>10-4045</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| BENJAMIN R. ROACH | ) | **FILED** |
| Chapter 7 Trustee | ) | Samuel L. Kay, Clerk |
| | ) | United States Bankruptcy Court |
| *Plaintiff* | ) | Savannah, Georgia |
| | ) | By lbarnard at 4:32 pm, Apr 01, 2011 |
| v. | ) | |
| | ) | |
| CYNTHIA TUCKER | ) | |
| and | ) | |
| SOUTHEAST TIMBERLANDS, INC. | ) | |
| | ) | |
| *Defendants* | ) | |

## <u>ORDER</u>

Debtor Jewett W. Tucker, Jr., filed a Chapter 11 case on June 5, 2008, which was converted to a Chapter 7 on August 5, 2009. Plaintiff Benjamin R. Roach was appointed Trustee on August 6, 2009, and commenced this adversary proceeding on June 16, 2010. The complaint sought, among other things, consolidation of Southeast Timberlands Inc.'s assets with Debtor's assets. <u>Complaint</u>, Dckt. No. 1, Count 1. Attorney Thomas A. Nash, Jr., ("Nash") had entered an appearance in this case as counsel for Defendant Southeast

Timberlands, Inc., ("SET") on October 4, 2010. Notice, Dckt. No. 19. His firm had previously filed a timely answer to the complaint on July 19, 2010, generally denying the critical allegations of the complaint. Answer, Dckt. No. 9. Thereafter, on December 23, 2010, Plaintiff filed a Motion for Partial Summary Judgment. Motion, Dckt. No. 21.

At the time of his appointment in 2009, the Trustee succeeded to the interest of Jewett W. Tucker, Jr., as the sole shareholder in SET. See 11 U.S.C. § 541(a). On September 24, 2009, Trustee (as the sole shareholder) elected himself as sole director of SET. As the sole director, he amended the bylaws to allow directors to appoint officers. He then appointed himself chief executive officer, chief financial officer, secretary, and agent of SET. Minutes, Dckt. No. 30, Exhibits A and B thereto. On January 4, 2011, Trustee informed Nash that he was not authorized to represent SET or to oppose the pending Motion for Partial Summary Judgment. Nash filed the Motion before this Court, seeking a determination of his duty to respond to the Plaintiff's Motion for Partial Summary Judgment. Motion, Dckt. No. 24.

I have considered the briefs filed on behalf of all parties asserting an interest in this matter and I conclude as follows:

I. Nash has No Duty to Respond to Plaintiff's Motion for Summary Judgment

A. Nash Has No Duty Under the Bankruptcy Code

The record shows that Nash filed an answer to this adversary proceeding in good faith at the request of Defendant SET, presumably at the behest of its one-time sole shareholder, the Debtor. Because, prior to the institution of this adversary proceeding, Debtor's Chapter 11 had been converted to Chapter 7 and Mr. Roach had been appointed Trustee, I conclude that Debtor and SET were without authority to employ counsel for SET. In re C.W. Mining Co., 440 B.R. 878, 887 (Bankr. D. Utah 2010) ("Debtors in an involuntary chapter 7 case are not debtors in possession [and] are not authorized to employ professionals . . . ."). Debtor's interest as a sole shareholder of SET became property of the estate pursuant to § 541 when he filed his Chapter 11 petition. That case was converted to a Chapter 7 by order of this Court on August 5, 2009. Once that case was converted, the Trustee was tasked with the duty to administer all estate property for the benefit of the estate, and ultimately for Debtor's creditors. Any litigation involving SET is, as a matter of bankruptcy law, part of the universe of interests which is part of the Chapter 7 estate. The employment of counsel to represent SET is therefore governed by 11 U.S.C. § 327.

The Trustee filed this adversary proceeding against SET, but did not seek to have counsel appointed for SET. Debtor and SET (through Debtor, as the former shareholder) engaged Nash to file an answer in order to prevent default and protect their interests. However, the Trustee—as the shareholder, director, and chief executive officer—subsequently informed Nash that he was not authorized to proceed further. I find that from that point forward, Nash was not obligated to SET. By entry of this Order Nash

will be relieved as counsel of record to SET.

### B. Nash Has No Duty Under Georgia Law

Trustee exercised his rightful powers as successor in interest to Tucker's ownership of SET when he instructed Nash to stand down. As explained above, Trustee became the sole shareholder when the case was converted to a Chapter 7. Under Georgia law, "[a]ction required or permitted by this chapter to be taken at a shareholders' meeting may be taken without a meeting if the action is taken by all the shareholders entitled to vote on the action . . . ." O.C.G.A. § 14-2-704(a). Because Trustee was the only shareholder, he was entitled to act without a shareholders' meeting. He elected himself the sole director in accordance with the Articles of Incorporation. Georgia law allows a board of directors that consists of a single director. O.C.G.A. § 14-1-803(a). As the sole shareholder and director, Trustee was allowed by Georgia law to amend the bylaws. O.C.G.A. § 14-2-1020(a). Trustee amended the bylaws to allow for the director to appoint officers. Trustee then appointed himself chief executive officer, chief financial officer, secretary, and agent of SET. This action was authorized by Georgia law. O.C.G.A. § 14-2-840. Trustee was authorized to amend the bylaws and to appoint himself as an officer without a meeting because he was the sole director. O.C.G.A. § 14-2-821(a). Trustee properly assumed the positions of sole director, chief executive officer, chief financial officer, secretary, and agent.

Accordingly, when Trustee—as sole director, sole shareholder, chief

executive officer, chief financial officer, secretary, and agent—directed Nash not to respond to the Motion, Nash owed no duty to any other person or entity which would require him to respond to the Motion for Summary Judgment.

II. Trustee's Alleged Conflict of Interest

LJN Associates, L.P. ("LJN"), a defendant in a similar action, has filed a pleading (Response, Dckt. No. 29) which, in effect, acts as a Motion to Intervene in this case on this issue. LJN asserts that the Trustee has a conflict of interest in "purporting to control the defense" of SET because Trustee's actions might have an adverse impact on SET's creditors.

Assuming for the purposes of this Order that the duties under Georgia law of an officer, director, and shareholder of SET are as contended by LJN, there is still nothing in the record to suggest that the Trustee has acted in a manner inimicable to whatever duty he owes to SET's creditors. If such a conflict does arise in the future, the Court can address that conflict when it arises. However, maximizing the value of the estate, which includes maximizing the value of SET, is a matter that the Trustee is fully empowered to pursue. The distribution of such assets will be the first stage, if ever, at which sorting out the rights of SET's and Tucker's creditors will become important.

## CONCLUSION

Based on the foregoing I conclude that the Trustee has not been shown to have a conflict of interest in proceeding with litigation. Any party seeking to respond to the Motion for Partial Summary Judgment in this case is required to do so not later than April 22, 2011. I further ORDER that attorney Thomas A. Nash, Jr. is excused from further representation of SET, with the appreciation of this Court for protecting its interest in the interim.

_____
Lamar W. Davis, Jr.

Dated at Savannah, Georgia

This 1st day of April, 2011.