# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| JEWETT W. TUCKER, JR. | ) | |
| (Chapter 7 Case Number 08-40990) | ) | Number 10-4045 |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| | ) | **FILED** |
| BENJAMIN R. ROACH | ) | Samuel L. Kay, Clerk |
| Chapter 7 Trustee | ) | United States Bankruptcy Court |
| | ) | Savannah, Georgia |
| *Plaintiff* | ) | By lbarnard at 12:43 pm, Jul 01, 2011 |
| | ) | |
| v. | ) | |
| | ) | |
| CYNTHIA TUCKER | ) | |
| and | ) | |
| SOUTHEAST TIMBERLANDS, INC. | ) | |
| | ) | |
| *Defendants* | ) | |

## MEMORANDUM AND ORDER
## ON REQUEST FOR LEAVE TO INTERVENE

Debtor Jewett W. Tucker, Jr. filed a Chapter 11 case on June 5, 2008, which was converted to a Chapter 7 on August 5, 2009. Plaintiff Benjamin R. Roach was appointed Trustee on August 6, 2009, and commenced this adversary proceeding on June 16, 2010. The complaint sought, among other things, consolidation of Southeast Timberlands Inc.'s

AO 72A
(Rev. 8/82)

assets with Debtor's assets. Complaint, Dckt. No. 1, Count 1. Attorney Thomas A. Nash, Jr., ("Nash") had entered an appearance in this case as counsel for Defendant Southeast Timberlands, Inc., ("SET") on October 4, 2010. Notice, Dckt. No. 19. His firm had previously filed a timely answer to the complaint on July 19, 2010, generally denying the critical allegations of the complaint. Answer, Dckt. No. 9. Thereafter, on December 23, 2010, Plaintiff filed a Motion for Partial Summary Judgment. Motion, Dckt. No. 21.

This Court entered an Order excusing Nash from representation of SET. Roach v. Southeast Timberlands, Inc., Case No. 10-4045 (April 1, 2011) (Davis, J.). LJN has requested leave from this Court to intervene in that case so that it may oppose Plaintiff's Motion. Response, Dckt. No. 35, p. 2 (April 22, 2011). Barring this Court's permission to intervene, the Trustee's Motion would be unopposed, and LJN might be negatively affected by the consolidation.

Federal Rule of Civil Procedure 24 is made applicable to bankruptcy cases by Bankruptcy Rule 7024. Fed. R. Bankr. P. 7024. Federal Rule 24(b) provides that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Because LJN is asserting that SET and Debtor should not be substantively consolidated, and because such a consolidation may have a negative effect on LJN, that request will be granted.

## ORDER

For the foregoing reasons, IT IS ORDERED THAT LJN's Request for Leave to Intervene is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This __15th__ day of July, 2011.